**Terance P. Perry, Esq.**
DATSOPOULOS, MacDONALD & LIND, P.C.
201 West Main Street, Suite 201
Missoula, Montana 59802
Phone: (406) 728-0810
Fax: (406) 543-0134
e-mail: tperry@dmllaw.com, mdaley@dmllaw.com

*Attorney for Plaintiff*



FILED

FEB 1 2018

CAROL BOHRNSEN, CLERK
BY
DEPUTY CLERK

## MONTANA THIRD JUDICIAL DISTRICT COURT
## GRANITE COUNTY

| | |
|---|---|
| CORNERSTONE, INC., | Case No. DV-18-02 |
| Plaintiff, | Dept. No. Judge Ray Dayton |
| v. | |
| JEFF CADIEUX, INDIVIDUALLY, AND JEFF CADIEUX, AS TRUSTEE OF THE CADIEUX FAMILY TRUST, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

## I.    Facts Common to All Counts

1.    At all times relevant hereto the Plaintiff, Cornerstone, Inc. ("Cornerstone"), was a Montana corporation with a principal place of business located at 11227 Stella Blue Drive, Lolo, County of Missoula, Montana.

2.    At all times relevant hereto, Dennis Doran was the president of Cornerstone.

3.    At all times relevant hereto, Defendant, Jeff Cadieux, resided at 21 Mykonos Road, Laguna Niguel, Orange County, California.

4.    At all times relevant hereto, the Cadieux Family Trust was a duly existing trust with a principal place of business located at 21 Mykonos Road, Laguna Niguel, Orange County, California.

5.    At all times relevant hereto, Jeff Cadieux was the duly appointed Trustee of the Cadieux Living Trust and was authorized to take all actions on its behalf as articulated herein.

6.    Plaintiff is a licensed general contractor in the State of Montana, has been in the business of general construction for sixteen (16) years and specializes in the construction of designer residences, spec homes, residential subdivisions and townhomes.

7.    During on or about February of 2017, the Defendants' architect communicated with Plaintiff in order to secure a bid on the construction of a residence ("residence") in Phillipsburg, Granite County, Montana for Defendants' benefit.

8.    After communicating with Defendants' architect, Plaintiff submitted a proposal for the construction of the residence which was to be constructed on real property located at 156 East Fork Road, Phillipsburg, Montana.

9.    Between approximately February 2017 and April of 2017, Plaintiff and Defendants negotiated a written contract for the construction of the residence. (See attached Exhibit "A").

10.   Although the written contract was never executed by the parties to it, on or about March 16, 2017, Defendants and Plaintiff entered into an oral agreement to construct the residence and Plaintiff thereafter commenced construction of the residence including hiring subcontractors to perform various services, ordering lumber and other construction goods and materials from various suppliers, coordinating with Defendants' architect, surveyor, civil engineer and structural engineer and related actions.

11.   The parties agreed that Plaintiff was to be paid for all costs incurred in construction of the residence to which was to be added 12% of the total construction cost as its construction fee.

12.   The parties also agreed that the cost for Plaintiff to construct the approximately 7,250 square foot residence was $1,987,848.00. (See Schedule A to Exhibit "A").

13.   Under the terms of the parties' agreement, Plaintiff was entitled to be paid its fee of 12% of the total cost of construction, or $238,541.00; the Defendants have paid Plaintiff $41,062.70 toward its 12% construction fee but continue to owe Plaintiff $197,478.30.

14.  On or about March 30, 2017, and as per their agreement, the Defendants provided Plaintiff with a $15,000.00 deposit payment toward construction of the residence.

15.  On or about June 6, 2017, Defendants paid Plaintiff $4,945.19 on Plaintiff's invoice #1039 representing Plaintiff's 12% construction fee on work Plaintiff had performed in constructing the residence.

16.  On or about August 30, 2017, Defendants paid Plaintiff $6,075.14 on Plaintiff's invoice #1047 representing Plaintiff's 12% construction fee on work Plaintiff had performed in constructing the residence.

17.  On or about September 23, 2017, Defendants paid Plaintiff $15,042.37 on Plaintiff's invoice #1053 representing Plaintiff's 12% construction fee on work Plaintiff had performed in constructing the residence.

18.  Between approximately April 1, 2017 and October 1, 2017, Plaintiff partially performed the construction of the residence consistent with its agreement with Defendants.

19.  Between approximately April 1, 2017 and October 1, 2017, Defendants partially performed under their agreement with Plaintiff to construct the residence by partially paying for work Plaintiff had performed as well as a portion of its construction fee.

20.   During that period of time from on or about April 1, 2017 to approximately November 1, 2017, Defendants directly paid various subcontractors and materialmen that Plaintiff had hired to perform work on, or provide materials for, the residence.

21.   Although Plaintiff continued to take all steps necessary to comply with the agreement between the parties, and despite having performed all construction services in a good and workmanlike manner, on or about October 12, 2017, and without any legal right or justification so to do, Defendants terminated the contract and refused to pay Plaintiff for construction costs incurred and fees due and owning.

22.   On December 13, 2017, Plaintiff timely filed its construction lien ("Construction Lien") on the parcel on which the residence was being constructed which lien was comprised of  $35,477.52 in unreimbursed construction costs and Plaintiff's construction fee of $22,616.98 for a total lien amount of $58,094.50. (See Exhibit "B").

23.   The Construction Lien was duly served on Defendants via certified mail (*Id.*)

24.   Despite repeated requests for payment, Defendants, and each of them, have refused to pay Plaintiff for its outstanding costs and fees.

25. After Defendants wrongfully terminated the agreement, Plaintiff's representative approached Defendant, Jeff Cadieux, regarding Defendants' failure to have paid construction costs and fees at which time said Defendant indicated in words or substance that he "had a lot of money" and would "bury Dennis" if Plaintiff pursued the issue further.

## Count I: Breach of Oral Contract
## Plaintiff vs. Defendants

26. Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through twenty-five (25) above as if fully set forth herein.

27. From on or about February of 2017 to on or about April of 2017, the Plaintiff and Defendants negotiated the terms of a written residential construction agreement although the final agreement was never signed by the parties. (See Exhibit "A")

28. On or about March 16, 2017, Plaintiff and Defendants orally agreed that Plaintiff would construct the residence in exchange for Defendants' payment of all construction costs to which was to be added a 12% fee for the Plaintiff.

29. The parties agreed that the cost of construction would be $1,987,848.00 and that Plaintiff's construction fee would be 12% of the total cost of construction, $238,541.00. (See Exhibit "A", Schedule A).

30. The oral agreement was to be performed within one (1) year from the making of the agreement.

31. In reliance upon the oral agreement that had been reached by the parties, as well as Defendants' representations that they would honor the terms of such agreement, on or about April of 2017, Plaintiff commenced construction of the residence.

32. After Plaintiff had commenced performance under the oral agreement and Defendants had partially performed under it by paying Plaintiff part of its construction costs and fees and by directly paying various subcontractors that Plaintiff had hired for the job, Defendants terminated the agreement in bad faith and without any legal or equitable right or basis to do so.

33. Prior to Defendants' wrongful termination of the oral agreement, the parties had both partially performed under it.

34. Defendants breached the oral agreement.

35. Plaintiff has been damaged by Defendants' breach of the oral agreement.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    A. Damages;

    B. Interest;

    C. Costs and Expenses;

D. Attorney's fees as allowed by law; and

E. For such other and further relief as this Honorable Court deems meet and just.

## Count II: FORECLOSURE OF LIEN
### Plaintiff vs. Defendants

36.　Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

37.　Plaintiff performed necessary obligations under the agreement reached between the parties regarding the construction of the residence and performed additional work as per the direction of Defendants. Such work was necessary and added considerable value to the project and real property.

38.　Defendants observed and approved of all work performed by Plaintiff.

39.　Defendants were placed on notice of the money due and owing to Plaintiff and received timely demand for payment via certified mail service of copies of the Construction Lien filed against the real property on which the residence was to be constructed.

40.　Pursuant to Montana law, Plaintiff is entitled to judgment against Defendants, and against each of them, to foreclose on Plaintiff's Construction Lien.

41.    As an intended and foreseeable consequence of Defendants' having failed to pay and having ignored the Construction Lien, Plaintiff was forced to retain counsel, namely the undersigned, to assist in recovering monies rightfully owed to Plaintiff.

42.    Pursuant to Montana law, Plaintiff is entitled to collect from Defendants, in addition to all other sums, costs and attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

A. Damages    in    the    principal    amount    of    $58,094.50;

B. Interest;

C. Costs and Expenses;

D. Attorney's fees as allowed by law; and

E. For such other and further relief as this Honorable Court deems meet and just.

### Count III: UNJUST ENRICHMENT
### Plaintiff vs. Defendants

43.    Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through forty-two (42) above as if fully set forth herein.

44.    Defendants have been unjustly enriched by the receipt of the services, goods and materials under the terms of the parties' oral agreement.

45.    Defendants have a legal and/or equitable duty to pay for the benefit that they

have received.

46.    The Court has equitable powers to order payment for the services, goods and

materials that Defendants received from Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    A. Damages in the principal amount of $58, 094.50;

    B. Interest;

    C. Costs and Expenses;

    D. Attorney's fees as allowed by law; and

    E. For such other and further relief as this Honorable Court deems meet and just.

### Count IV: PROMISSORY ESTOPPEL
### Plaintiff vs. Defendants

47.    Comes now the Plaintiff and realleges and reaffirms all allegations contained

in paragraphs one (1) through forty-six (46) above as if fully set forth herein.

48.    Defendants, and each of them, clearly and unambiguously promised to pay

Plaintiff for all construction costs in constructing the residence as well as

Plaintiff's construction fee of 12% of the total cost of construction.

49.    Plaintiff partially performed construction of the residence and Defendants

partially paid for construction costs as well as Plaintiff's total construction

fee.

50.    Plaintiff reasonably and foreseeably relied upon Defendants' promise.

51.    As a direct and proximate result of Plaintiff's reasonable and foreseeable

reliance on Defendants' unambiguous promise, which Defendants breached,

Plaintiff was injured to its great detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    A. Damages;

    B. Interest;

    C. Costs and Expenses;

    D. Attorney's fees as allowed by law; and

    E. For such other and further relief as this Honorable Court deems meet and just.

## Count V: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### Plaintiff vs. Defendants

52.    Comes now the Plaintiff and realleges and reaffirms all allegations contained

in paragraphs one (1) through fifty-one (51) above as if fully set forth herein.

53.    Inherent in the agreement amongst the parties was the implied covenant of

good faith and fair dealing pursuant to which Defendants, and each of them,

were required to engage in conduct that was honest in fact and Defendants

were each required to observe reasonable commercial standards of fair

dealing in the residential construction trade.

54. Defendants, and each of them, breached the implied covenant of good faith and fair dealing inherent in the agreement by, *inter alia*, wrongfully and baselessly terminating the agreement and by failing, refusing and neglecting to pay Plaintiff monies that are and were due and owing.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    A. Damages;

    B. Interest;

    C. Costs and Expenses;

    D. Attorney's fees as allowed by law; and

    E. For such other and further relief as this Honorable Court deems meet and just.

### Count VI: ACTUAL FRAUD
### Plaintiff vs. Defendants

55. Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through fifty-four (54) above as if fully set forth herein.

56. During that period of time from on or about March 2017 to on or about September 2017, Defendants, and each of them, intentionally represented to Plaintiff that they had the financial ability to pay for the construction of the residence as well as Plaintiff's fee, that they would, in fact, pay for all costs

of construction and that they would pay Plaintiff a 12% fee on all such construction costs.

57.  Defendants, and each of them, knew such representations to be false and intended that Plaintiff rely upon them.

58.  Defendants' representations were material, Plaintiff relied upon same and was deceived thereby.

59.  Defendants, and each of them, knew the falsity of such representations at the time they were made.

60.  Defendants' representations were repeatedly and unequivocally made with the intent to induce Plaintiff to rely upon same by, *inter alia*, constructing the residence, incurring costs and expenses to construct the residence and foregoing other construction work in order to construct the residence.

61.  At all times relevant, Plaintiff was ignorant that Defendants' representations were false.

62.  Since Plaintiff was ignorant of the falsity of Defendants' representations, Plaintiff reasonably and foreseeably relied upon such representations to its detriment.

63.  Plaintiff reasonably and foreseeably relied on the truth of Defendants' representations, which were false, intentionally misleading and otherwise fraudulent.

64. Defendants made such false representations with malice and with the intent to deceive Plaintiff.

65. Defendants, and each of them, acted with actual malice and actual fraud.

66. Defendants, and each of them, had knowledge of facts that created a high probability of injuring Plaintiff and deliberately acted with conscious or intentional disregard or with indifference to the high probability of injury to Plaintiff.

67. As a direct and proximate consequence of Defendants' actual malice and actual fraud, Plaintiff suffered direct and consequential damages all to its great detriment and is entitled to an award of punitive damages pursuant to § 27-1-221, M.C.A.

68. As a direct and proximate consequence of Plaintiff's justifiable reliance on Defendants' false representations, Plaintiff suffered financial and other damage all to its great detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

A. Compensatory Damages;

B. Punitive Damages;

C. Interest;

D. Costs and Expenses;

E. Attorney's fees as allowed by law; and

Complaint and Demand for Jury Trial          14

F. For such other and further relief as this Honorable Court deems meet and just.

## Count VII: CONSTRUCTIVE FRAUD
## Plaintiff vs. Defendants

69. Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through sixty-eight (68) above as if fully set forth herein.

70. At all times relevant hereto, Defendants owed an affirmative duty to Plaintiff to disclose all material facts, adverse or otherwise, regarding their intention to pay Plaintiff for all costs of construction of the residence as well as Plaintiff's 12% construction fee.

71. At all times relevant hereto, Defendants, and each of them, breached their duty to Plaintiff by having failed to disclose that, despite their affirmative representations to the contrary, they had no intention of honoring their agreement with Plaintiff.

72. Defendants, and each of their, intentional misrepresentations of material fact and their failure to have disclosed adverse material facts, misled Plaintiff and induced Plaintiff to, *inter alia*, enter into the agreement to construct the residence, to commence construction, to hire subcontractors, to order and pay for construction goods and materials and to forego other construction work.



73.   Plaintiff was ignorant of the fact that Defendants, and each of them, had no intention of fully performing under the agreement to construct the residence or to pay Plaintiff for construction costs and its 12% fee since Plaintiff, in good faith, reasonably believed Defendants, and each of their, representations that they would honor the terms of the agreement and pay Plaintiff for construction costs and Plaintiff's fee of 12%.

74.   Defendants, and each of them, have profited from their failure to have disclosed such adverse material facts to the Plaintiff to Plaintiff's great detriment since Plaintiff proximately sustained direct and consequential damages thereby.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    A. Compensatory Damages;

    B. Punitive Damages;

    C. Interest;

    D. Costs and Expenses;

    E. Attorney's fees as allowed by law; and

    F. For such other and further relief as this Honorable Court deems meet and just.

## Count VIII: INTENTIONAL MISREPRESENTATION
### Plaintiff vs. Defendants

75.   Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through seventy-four (74) above as if fully set forth herein.

76.   At the time of and prior to Plaintiff's and Defendants' having entered into the agreement to construct the residence, Defendants, and each of them, intentionally misrepresented to Plaintiff that they had the financial ability to pay for the construction of the residence as well as Plaintiff's fee and that they would, in fact, pay Plaintiff for all costs of construction plus a 12% construction fee ("representations").

77.   Defendants, and each of them, knew such representations to be false or made such representations recklessly without any knowledge of their truth.

78.   Defendants' representations were made with the intent to induce Plaintiff to rely on same by entering into the agreement to construct the residence, to commence construction, to hire necessary subcontractors, to order and pay for construction goods and materials and to forego other construction work.

79.   Plaintiff was ignorant that such representations were false.

80.   Since Plaintiff was ignorant of the falsity of Defendants' representations, Plaintiff relied upon same by entering into the agreement to construct the residence, commencing construction, hiring necessary subcontractors,

ordering and paying for construction goods and materials and foregoing other construction work on other projects.

81.    Plaintiff reasonably and foreseeably relied on the truth of Defendants' false representations, all to Plaintiff's great detriment.

82.    Defendants made such false representations with malice and with the intent to deceive Plaintiff and Plaintiff was so deceived.

83.    As a direct and proximate consequence of Plaintiff's justifiable reliance on Defendants' false representations, which were intentionally or recklessly made without knowledge of their truth, Plaintiff has suffered financial and other damage all to its great detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

    A. Compensatory Damages;

    B. Punitive Damages;

    C. Interest;

    D. Costs and Expenses;

    E. Attorney's fees as allowed by law; and

    F. For such other and further relief as this Honorable Court deems meet and just.

## Count IX: NEGLIGENT MISREPRESENTATION
### Plaintiff vs. Defendants

84.  Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through eighty-three (83) above as if fully set forth herein.

85.  At all times relevant, Defendants, and each of them, made representations of material fact to Plaintiff that Defendants had the financial ability to and would, in fact, pay Plaintiff for all construction costs of the residence as well as a construction fee of 12% of such costs.

86.  Defendants' representations were false.

87.  Defendants made such representations negligently or without reasonable grounds for believing that such representations were true.

88.  Defendants made such representations with the intent to induce Plaintiff to enter into the agreement to construct the residence, to commence construction, to hire necessary subcontractors, to order and pay for construction goods and materials and to forego work on other construction projects which Plaintiff did to its great detriment.

89.  Plaintiff relied on such representations to its great detriment.

90.  Plaintiff was unaware of the falsity of Defendants' representations and was justified in relying on them, which it did to its great detriment.

91.   As a direct and proximate consequence of Defendants' negligent misrepresentations, Plaintiff has suffered direct and consequential damages all to its great detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

A. Damages;

B. Interest;

C. Costs and Expenses;

D. Attorney's fees as allowed by law; and

E. For such other and further relief as this Honorable Court deems meet and just.

## Count X: FRAUDULENT INDUCEMENT
## Plaintiff vs. Defendants

92.   Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through ninety-one (91) above as if fully set forth herein.

93.   During that period of time from on or about February of 2017 to on or about April 1, 2017, Defendants, and each of them, intentionally represented to Plaintiff that they wanted to enter into an agreement with Plaintiff for the construction of the residence, that they would pay for all construction costs, that they would pay the Plaintiff a construction fee equal to 12% of the total cost of construction and that they had the financial ability to do so.

94.   On or about March 16, 2017, the Plaintiff and Defendants agreed that Plaintiff would construct the residence, that Defendants would pay for all costs of construction and that Plaintiff would be paid its construction fee equal to 12% of the total cost of construction.

95.   Defendant's representations that they wanted to enter into an agreement with Plaintiff for the construction of the residence, that they would pay for all construction costs, that they would pay the Plaintiff a construction fee equal to 12% of the total cost of construction and that they had the financial ability to do so, were false.

96.   Defendants, and each of them, continued to make such false representations during that period of time from March 16, 2017 to on or about October 11, 2017.

97.   Such false representations of Defendants fraudulently induced Plaintiff to enter into the agreement in the first place and also induced Plaintiff to commence and continue construction of the residence, to hire necessary subcontractors, to order and pay for construction goods and materials and to forego work on other construction projects.

98.   Defendants, and each of them, knew such representations to be false.

99.   Defendants' representations were material, Plaintiff foreseeably relied upon same and was deceived thereby.

100. Defendants, and each of them, knew of the falsity of such representations at the time they were made.

101. Defendants made such representations to Plaintiff with the intent that Plaintiff rely upon same by entering into the agreement, constructing the residence, hiring necessary subcontractors, ordering and paying for construction goods and materials and foregoing other construction work, which Plaintiff did to its great detriment.

102. Plaintiff was ignorant of the falsity of Defendants' representations.

103. Defendants made such false representations to Plaintiff with the intent to induce Plaintiff to rely upon same by entering into the agreement to construct the residence, to commence construction, to hire necessary subcontractors, to order and pay for construction goods and materials and to forego other construction work, which Plaintiff did to its great detriment.

104. Plaintiff reasonably and foreseeably relied on the truth of Defendants' representations, all of which were false, intentionally misleading and fraudulent.

105. Defendants made such false representations with malice and with intent to induce Plaintiff to rely upon same, which it foreseeably did to its great detriment.



106. Defendants, and each of them, had knowledge of facts or intentionally disregarded facts that created a high probability of injuring Plaintiff and deliberately acted with conscious or intentional disregard or with indifference to the high probability of injury to Plaintiff in having intentionally mispresented that they would pay construction costs, a construction fee of 12% to Plaintiff for construction of the residence and that they had the financial ability to do so.

107. As a direct and proximate consequence of Plaintiff's justifiable reliance on Defendants' false representations, Plaintiff suffered direct and consequential damage, all to its great detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

A. Compensatory Damages;

B. Punitive Damages;

C. Interest;

D. Costs and Expenses;

E. Attorney's fees as allowed by law; and

F. For such other and further relief as this Honorable Court deems meet and just.

## Count XI: DECEIT (§ 27-1-712, M.C.A.)
### Plaintiff vs. Defendants

108.    Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through one hundred and seven (107) above as if fully set forth herein.

109.    Defendants, and each of them, willfully deceived Plaintiff by having stated as fact that they would pay for all costs of construction of the residence, as well as Plaintiff's 12% construction fee, and that they had the financial ability to do so.

110.    Such representations were made with the intent to induce Plaintiff to alter its position which Plaintiff did, to its great detriment, by, *inter alia*, commencing construction of the residence, hiring necessary subcontractors, ordering and paying for construction goods and materials and foregoing other construction work on other projects.

111.    Defendants, and each of them, made suggestions as a fact that they would pay for construction of the residence, that they would pay Plaintiff a construction fee of 12% of the total cost of construction and that Defendants had the financial ability to do so.

112.    Such suggestions as a fact were not true and were made by Defendants at times when they did not believe them to be true.

Complaint and Demand for Jury Trial            24

113. Defendants, and each of them made assertions as a fact that they would pay for construction of the residence, that they would pay Plaintiff a construction fee of 12% of the total cost of construction and that Defendants had the financial ability to do so.

114. Such assertions as a fact were not true and were made by Defendants at times when they had no reasonable ground for believing them to be true.

115. Defendants suppressed facts from Plaintiff at times when they were bound to disclose them to Plaintiff.

116. At the time that Defendants promised to pay Plaintiff for all construction costs for the residence and a 12% construction fee that amounted to $238,541.00 Defendants, and each of them, had no intention of performing it.

117. Plaintiff reasonably and foreseeably relied upon Defendants' false suggestions and assertions as a fact and on Defendants' promise that they had no intention of performing and such reliance proximately caused damage to the Plaintiff.

118. Defendants, and each of them, acted with actual malice toward Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

A. Compensatory Damages;

B. Punitive Damages;

C. Interest;

D. Costs and Expenses;

E. Attorney's fees as allowed by law; and

F. For such other and further relief as this Honorable Court deems meet and just.

### Count XII: PUNITIVE DAMAGES (§27-1-220 M.C.A. and §27-1-221, M.C.A.)
### Plaintiff vs. Defendants

119.    Comes now the Plaintiff and realleges and reaffirms all allegations contained in paragraphs one (1) through one hundred and eighteen (118) above as if fully set forth herein.

120.    At all times relevant the Defendants, and each of them, had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the Plaintiff.

121.    At all times relevant the Defendants, and each of them, proceeded to act in conscious or intentional disregard of the high probability of injury to the Plaintiff.

122.    At all times relevant the Defendants, and each of them, deliberately proceeded to act with indifference to the high probability of injury to Plaintiff.

123. The Defendants, and each of them, are guilty of actual fraud and actual malice.

124. As a matter of law, the Plaintiff is entitled to recover punitive damages from Defendants, and from each of them, pursuant to §27-1-220, M.C.A. and §27-1-221, M.C.A.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for:

A. Punitive Damages;

B. Interest;

C. Costs;

D. Expenses;

E. Attorney's fees as allowed by law; and

F. For such other and further relief as this Honorable Court deems meet and just.

Plaintiff demands a trial by jury on all matters so triable.

DATED this 31st day of January, 2018.

DATSOPOULOS, MacDONALD & LIND, P.C.

By: _____

Terance P. Perry, Esq.
*Attorney for Plaintiff*